Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50071 | **DATE** | 6/5/2002 |
| **CASE TITLE** | Armoloy Corp. vs. Industrial Hard Chromium Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion to dismiss or, alternatively, to transfer venue

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss for lack of personal jurisdiction and for improper venue is denied, as is its motion to transfer venue.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | JUN 0 6 2002 | |
| | Notified counsel by telephone. | date docketed | 22 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6-6-02 | |
| | | date mailed notice | |
| /LC | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, The Armoloy Corporation ("Armoloy"), has filed a six-count complaint against defendant, Industrial Hard Chromium Company, Inc. ("IHC"), alleging various trademark and trademark-related causes of action under the Lanham Trademark Act, 15 U.S.C. § 1051 et seq., and Illinois statutory and common law. Subject matter jurisdiction is based on 15 U.S.C. § 1121 and 28 U.S.C. §§ 1332 (the parties are of diverse citizenship and the amount in controversy exceeds $75,000), 1338, 1367. Before the court is IHC's motion to dismiss for lack of personal jurisdiction or improper venue, filed pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3), and its alternative motion to transfer venue under 28 U.S.C. § 1404(a).

Although Armoloy has offered a number of reasons why this court has jurisdiction over IHC, which is incorporated with its principal place of business in New Jersey, the court finds the first of these by itself is more than sufficient to deny IHC's Rule 12(b)(2) motion. Just six days after Armoloy filed suit, on February 26, 2002, this court entered a permanent injunction against IHC pursuant to an agreed order between the parties. The order basically enjoins IHC from using, diluting, or otherwise infringing Armoloy's trademark, as well as requiring IHC to produce certain business records to Armoloy. Craig Foote, IHC's vice president, signed the agreed order on behalf of IHC. What's more, according to the affidavit testimony of Edward Telling, one of Armoloy's attorneys, Foote personally called up Telling the day after Armoloy filed its complaint and a motion for preliminary injunction or temporary restraining order. (Pl. Exh. F, Telling Aff. ¶ 4) During that phone call, Telling says Foote told him he wished to cooperate and would consent to the entry of a permanent injunction against IHC. Foote explained that he was consulting with his own counsel but that he preferred to talk with Telling directly. (Id.) Telling confirmed this discussion in a letter he faxed the next day to Foote, who dated, signed, and faxed it back to Telling that same day. (Id.; Pl. Exh. D) Also on that day, Telling faxed a proposed agreed order to be filed with this court to Foote, which Foote again promptly signed and faxed back to Telling. (Pl. Exh. F, Telling Aff. ¶ 5) For its part, IHC denies none of this. And nowhere in the order or any other filings with the court did IHC reserve its right to assert a personal jurisdiction defense.

As a general rule, a defendant can waive its defense of personal jurisdiction through its own conduct by participating in the litigation on the merits. See Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993). In fact, "[a] party need not actually file an answer or motion before waiver is found." Id. (quoting Trustees of Cent. Laborers' Welfare Fund v. Lowery, 924 F.2d 731, 732-33 (7th Cir. 1991) (alterations in original). Although unable to find any cases directly on point, it is hard to imagine conduct that more affirmatively signals a waiver of a personal jurisdiction defense than when a defendant voluntarily submits and subjects itself to the equitable powers of the forum court. Indeed this court now has the power to hold IHC in contempt for violating the injunction. Because IHC, through its own vice president, agreed to let this court enter a permanent injunction against it, it cannot complain this same court now lacks personal jurisdiction over it, especially when it did not reserve the right to contest that issue in the agreed order.

As this analysis applies equally to all of the "other privileged defenses referred to in Rule 12(h)(1)," Lowery, 924 F.2d at 732; see also Meyer, 10 F.3d at 1297, one of which is improper venue, see Fed. R. Civ. P. 12(h)(1), the court finds IHC also waived its defense of improper venue for the same reasons just stated. It therefore denies IHC's Rule (b)(3) motion.

That leaves IHC's request to transfer this case to the U.S. District Court for the District of New Jersey under 28 U.S.C. § 1404(a). This requires the court to weigh the following factors: (1) the convenience of the witnesses; (2) the convenience of the parties; and (3) the interests of justice. See Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 n.3 (7th Cir. 1986). Because this is IHC's motion, IHC bears the burden of establishing that the District of New Jersey is clearly the more convenient forum. See Heller Fin. Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989).

In this case, the convenience of the witnesses is essentially a toss-up: while IHC claims all of its witnesses and evidence are in New Jersey, Armoloy, which is incorporated with its principal place of business in Illinois, naturally points out that all of *its* witnesses and evidence are located here in Illinois. If anything, the court finds the balance tips in favor of Armoloy only because Foote, in his affidavit, does nothing more than vaguely say that "[a]ll of the persons familiar with the facts and circumstances surrounding IHC's conduct in this matter" live in New Jersey. (Def. Exh., Foote Aff. ¶ 9) Unlike Armoloy, IHC has not specified who its proposed witnesses are or what the substance of their testimony would be. See Heller, 883 F.2d at 1293. The same can also be said of the convenience of the parties. Although either party would be inconvenienced by having to litigate in the other party's home forum, this factor nevertheless again favors Armoloy because, as the plaintiff, the court must give deference to its chosen forum, especially when, as here, it has brought the action in its home forum. See Amoco Oil Co. v. Mobil Oil Corp., 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). Finally, the interests of justice include considerations favoring both Armoloy and IHC. On the one hand, Armoloy has claims under both the Lanham Act and Illinois statutory and common law. So while either federal court would be equally familiar with the law governing Armoloy's federal claims, this court certainly has more experience in dealing with Illinois law. On the other hand, IHC's primary market is limited to the tri-state New York metropolitan area. (Def. Exh., Foote Aff. ¶ 8) Thus, because whatever infringement IHC engaged in occurred for the most part in that area, a court in that area would have a strong interest in hearing this case. Still, the effects of IHC's alleged infringement would have been felt by Armoloy here in Illinois, where Armoloy is located. Cf. Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Ltd. P'ship, 34 F.3d 410, 411-12 (7th Cir. 1994). With some of the factors neither weighing in favor of or against transfer, others decidedly weighing against a transfer, and perhaps only one factor weighing in favor of transfer, the court finds IHC has not shown the District of New Jersey is "clearly the more convenient forum."

For the reasons stated above, IHC's motion to dismiss and, alternatively, to transfer venue, is denied.